IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
FREDERICK BANKS,                   )
          Plaintiff,               )
                                   )
     v.                            )   Civil Action No. 06-509
                                   )   Judge Gary L. Lancaster
RONALD W. HAYWARD, Esquire;        )   Magistrate Judge Amy Reynolds Hay
DAVID SHRAGER, Esquire; and        )
SHRAGER AND SHRAGER,               )
          Defendants.              )
```

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

II. REPORT

Plaintiff, Frederick Banks, is a federal inmate serving a term of imprisonment of sixty months for his conviction of seven counts of mail fraud, criminal copyright infringement, money laundering, uttering and possession of counterfeit or forged securities and witness tampering on February 28, 2005, in the United States District Court for the Western District of Pennsylvania at Criminal Action No. 03-245. See Docket Sheet for Criminal Action No. 03-245 (W.D. Pa.). Named as Defendants in this action are Plaintiff's privately hired, criminal defense attorneys. The Complaint should be dismissed for failure to state a claim upon which relief may be granted because this Court

does not have subject matter jurisdiction over Plaintiff's claims.

   A. Standard of Review

   This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for sua sponte screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), i.e., without prepayment of costs.  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

   Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1]  Plaintiff has been granted leave to proceed IFP in this action.  Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e). In reviewing complaints under 28 U.S.C. § 1915(e), a federal

---

   1.   See 28 U.S.C. §§ 1915(h); 1915A(c).

court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

    B. Plaintiff's Claims

    Plaintiff seeks recovery under 42 U.S.C. § 1983 against his privately retained defense counsel based on their representation of him during his federal criminal trial. In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: (1) that the alleged misconduct was committed by a person acting under color of state law, and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If the record does not reflect that the defendant acted under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails

as a matter of jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

It is well settled that a criminal defense attorney is not a "state actor" for purposes of a section 1983 claim, regardless of whether the attorney is a private attorney or a public defender. In this regard, appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act "under color of state law" for purposes of liability under 42 U.S.C. § 1983 for acts taken in the normal course of conducting a defense. Black v. Bayer, 672 F.2d 309 (3d Cir.), cert. denied, Stoica v. Stewart, 459 U.S. 916 (1982); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980). In addition, a public defender does not act under color of state law for purposes of section 1983 liability when performing the traditional role of counsel for a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 315 (1981). A public defender, although paid by the state, exercises "independent judgement on behalf of his client." Id. at 321. Because the function of a public defender is to represent his client in a manner that conflicts with state interests, a public defender could not be a state actor when acting as an advocate for his client. Id. at 324.

In the instant action, Plaintiff has failed to allege any facts showing that Defendants are state actors for purposes of imposing liability under 42 U.S.C. § 1983. Accordingly, Plaintiff's Complaint is insufficient to state a claim under section 1983.[2]

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

---

2. Moreover, the Court takes judicial notice of the fact that Plaintiff has filed a Motion under 28 U.S.C. 2255 alleging ineffective assistance of trial counsel in his criminal action filed at Criminal Docket No. 03-245 in this Court.

```
Dated:   2 May, 2006

cc:   Gary L. Lancaster
      United States District Judge

      FREDERICK BANKS
      05711-068
      USP Canaan
      Post Office Box 300
      Waymart, PA 18472
```